IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:11cr00019-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **AJAMU AZIM HINTON,** | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Ajamu Azim Hinton, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Hinton alleges that counsel provided ineffective assistance on several grounds. This matter is before me on the government's motion to dismiss. Having reviewed the record, I conclude that Hinton has not demonstrated ineffective assistance and, therefore, I will grant the government's motion to dismiss.

I.

On April 19, 2012, after Hinton pleaded guilty, I convicted him of conspiring to distribute and to possess with intent to distribute over 100 grams of PCP, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and sentenced him to a term of 66 months incarceration. Hinton did not appeal.

Hinton filed this § 2255 motion alleging that counsel provided ineffective assistance in (1) failing to coordinate Hinton's presentence investigation report ("PSR") interview, (2) failing to object to the PSR at sentencing, and (3) advising Hinton not to call "materially false information" contained in the PSR to the court's attention. In support of these claims, Hinton states that the Probation Officer who signed Hinton's PSR never met with Hinton and provided the court with a "fraudulent PSR." Hinton alleges that he was "unable to express" to the

Probation Officer that a co-defendant had exaggerated Hinton's role in the offense[1] or that there were "many other factual errors in the PSR" concerning Hinton's family and personal characteristics.[2] Hinton does not state specifically what the "many other factual errors in the PSR" were or how they adversely affected his sentence.

## II.

In order to establish an ineffective assistance claim, Hinton must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 669 (1984); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *see also Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance of counsel must prove that he suffered prejudice as a result of his counsel's deficient performance. That is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. When a petitioner challenges a conviction entered after a guilty

---

[1] I note that both counsel and the government informed me at the sentencing hearing regarding Hinton's assistance in revealing the false information provided by Hinton's co-defendant. The government stated as follows:

> Mr. Hinton was originally charged with distributing a significantly larger quantity of phencyclidine than that to which he pled guilty. That information was based, in large part, on information that we had gotten from another member of this conspiracy who had characterized Mr. Hinton as a main source for this individual. That information turned out to be false. That individual had lied to us…Mr. Hinton came in and sat down and explained to us that that was the case….I can't overstate the value of that information to us.

Sent. Trans. p. 4.

[2] I note that the PSR indicates that Hinton's mother confirmed the family information contained in the report.

plea, the "prejudice" prong is slightly modified. The petitioner must show that there is "a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The petitioner "bears the burden of proving *Strickland* prejudice." *Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1290 (citing *Strickland*, 466 U.S. at 697).

Hinton does not allege that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial and, therefore, he has not demonstrated that he was prejudiced by counsel's alleged deficient performance. Accordingly, I find that Hinton has not demonstrated ineffective assistance of counsel and, thus, I will grant the government's motion to dismiss.

**ENTER**: This 8th day of December, 2014.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE